# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 17-cv-3040-RM-GPG

BRANDIN BLAND and CRAIG HOSPITAL

    Plaintiffs,

v.

EXXONMOBIL MEDICAL PLAN, an Employee Welfare Benefit Plan, and AETNA LIFE INSURANCE COMPANY,

    Defendants.

## RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' motion to dismiss (ECF # 19),[1] Plaintiffs' response (ECF# 47) and Defendants' reply (ECF #50). The motion has been referred to this Magistrate Judge for recommendation (ECF #24).[2] The Court has reviewed the pending

---

[1] "(ECF #19)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

motion, response, reply and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument has not been requested and the Court finds that it is not necessary in this circumstance. This Magistrate Judge recommends that the motion be GRANTED in-part and DENIED in-part.

Plaintiffs sole claim for relief is an enforcement action under 29 U.S.C. §1132(a)(1)(B), the Employee Retirement Income Security Act (ERISA) (ECF #1, p. 3). Plaintiff Bland, following a terrible automobile accident on the Western Slope, was ultimately a patient at Craig Hospital[3] (ECF #1, p. 3, paras. 13-14). Plaintiff Bland was admitted to Craig Hospital on 5/9/16. *Id*. at p. 3, para. 15. As set forth, Aetna Life Insurance Company (Aetna), "is the claims fiduciary and claims administrator for the mandatory appeals under the medical plan at issue." *Id*. at p .2, para. 5. This involves an ExxonMobil Medical Plan (Plan). *Id*. at p. 2, para. 6.

Plaintiff states that "[o]n or about July 18, 2016, Aetna issued two (2) denials on behalf of the Plan." *Id*. at p. 3, para. 17. Plaintiff claims that Aetna denied a transfer of Plaintiff Bland to Quality Living on the basis that care could be provided on an outpatient basis. *Id*. at p. 3, para. 18. A second denial was for continued inpatient care at Craig Hospital. *Id*. at p. 4, para. 20.

Quality Living Denial

Plaintiffs assert that the first denial, the Quality Living denial, was appealed on an expedited basis on July 19, 2016, *pro se*. *Id*. at p. 4, para. 21. That appeal was denied July, 20,

---

[3] Craig Hospital (Plaintiff herein) refers to the rehabilitation hospital in Englewood, Colorado and is not to be confused with Memorial Regional Health, a facility on the Western Slope in the town of Craig, Colorado.

2016.  *Id*. at p. 4, para. 22.   An expedited voluntary second level appeal of the Quality Living denial occurred on August 18, 2016.  *Id*. at p. 4, para. 23.  Plaintiffs assert that, rather than rule on the voluntary second level appeal, "Defendants issued a revised first level appeal decision letter, omitting, among other things, information regarding Bland's right to submit a voluntary second level appeal." *Id*. at pp. 4-5, para 24.  Plaintiffs confess that the Quality Living Denial is precluded by the one year "contractual state of limitations" and indicate that they "are not seeking benefits for Brand's transfer to QLI because Brandin was placed in an alternate facility that was paid for by Colorado Medicaid."  Plaintiffs' response (ECF #47, p. 13).

Continued Inpatient Care Denial

Plaintiffs assert that the inpatient care denial was appealed on January 12, 2017.  *Id* at p. 5, para. 25.  There is some further dispute over when Defendants received the January 12, 2017 appeal and an assertion that no determination was ever rendered on the January 12, 2017 appeal. *See* ECF #1, pp. 5-6, paras. 26, 28, 29, 30, &31.

Suit was filed December 15, 2017.  *Id*.

Plaintiffs claim that Aetna's original denials of both initial appeals, dated June 18, 2016, were "unreasonable, arbitrary and capricious."  *Id*. at p. 7, para. 33.  Plaintiffs claim that Defendants failed to: (1) make a determination regarding the voluntary second level appeal as to Quality Living; (2) make a determination as to the mandatory appeal on the continued care matter; and (3) provide certain mandatory information pursuant to 29 CFR § 2560.503-1(m)(8)

which was requested on July 28, 2016 and August 9, 2016. *Id*. at p. 7, para. 34. Plaintiffs also claim exhaustion of administrative remedies has occurred. *Id*. at p. 7, para. 36.

Standard of Review

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) may also be based on the lack of a cognizable legal theory. *See Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Although allegations of fact are accepted as true, legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, the Court disregards conclusory statements and looks only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1190-91.

Where the allegations in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted) ("The nature and specificity of the allegations required to state a plausible claim will vary based on context . . . [and] requires the reviewing court to draw on its judicial

experience and common sense." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-15 (10th Cir. 2011)).

> "The mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Defendants move to dismiss on the dual basis that: (1) Plaintiffs' claims were filed outside of the one year statute of limitations and are thus time barred; and (2) Craig Hospital is neither a "participant" nor a "beneficiary" pursuant to 29 U.S.C. §1132(a)(1)(B) and thus cannot assert a claim for relief (ECF #19, p. 2).


Statute of Limitations:

A complaint is subject to dismissal for failure to state a claim for relief if the allegations in the complaint show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). *Cf. Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir.1996) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 352 (1990) (" '[a] complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading,' rendering dismissal appropriate").

[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.... Further, the plaintiff bears the burden of "plead[ing] circumstances

which would indicate why the [cause of action] was not discovered earlier and which would indicate why the statute should be tolled." *Owner Operator Independent Drivers Association, Inc. v. Comerica Bank,* 540 F.Supp.2d 925, 929 (S.D.Ohio 2008) (internal citations omitted). *See also Walton v. Potter,* 2006 WL 3341187, *1 (N.D.Ill.2006) ("The statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired. But, '[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.' ").

Although statutes of limitation "have long been respected as fundamental to a well-ordered judicial system," *Board of Regents of University of State of New York v. Tomanio,* 446 U.S. 478, 487, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), motions to dismiss on statute of limitations grounds generally are not favored. *See, e.g., FDIC v. Frates,* 44 F.Supp.2d 1176, 1203 (N.D.Okla.1999). *Cf. Tolbert v. National Harmony Memorial Park,* 520 F.Supp.2d 209, 211 (D.D.C.2007) ("[B]ecause statute of limitations issues often depend upon contested questions of fact, 'courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint' "). When a party has asserted a statute of limitations issue in a rule 12(b)(6) motion, the court accepts all well-pled factual allegations in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run. *See Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir.2008); *Anderson Living Trust v. WPX Energy Prod., LLC,* 27 F.Supp. 3d 1188, 1213 (D.N.M. May 16, 2014).

Because ERISA does not have a specific statute of limitations for such suits, the statute of limitations set forth in the plan controls. *See Heimeshoff v. Hartford Life & Accidents Ins. Co.,*

134 S.Ct. 604, 608 (2013).  A one year statue of limitations, interpreting Colorado law, has been upheld by this District.  *Kesling v. Am. Family Mut. Ins. Co.,* 861 F.Supp 2d 1274, 1281 (D. Colo. 2012).  Pursuant to the Plan relevant to this action, the statute of limitations is one year.  ECF 19-6, p, 9 of 13.  As noted *supra*, Plaintiffs do not dispute that suit regarding the Quality Living Appeal was instituted after the expiration of the one year statute of limitations expired.  Plaintiffs also indicate they are no longer seeking damages related to the Quality Living Appeal.  On that basis, this Magistrate Judge respectfully recommends that the Quality Living Appeal portion of this action be dismissed.

Plaintiffs assert that their appeal of the continued in-patient care denial occurred on January 12, 2017.  The complaint was filed some eleven (11) months later (ECF #1, 12/15/2017)-timely filed within the statute of limitations based on the face of the complaint and the allegations contained therein.  Defendants dispute the timely filing of the statute of limitations propounding two different arguments: (1) Plaintiffs could not file "dual appeals" and thus the initial appeal controls and (2) alternatively and to the extent Plaintiffs may be able to file dual appeals, exhaustion of remedies has not yet occurred as to the second appeal-that being for continued care.

With regard to the dual appeal argument, Defendants essentially argue that Plaintiffs could and did file a joint appeal of the denials back on July 19, 2016.  Defendants' argument as to the January 2017 continued in-patient care appeal is that it was subsumed within the initial appeal.  The argument is an entirely factual argument.  At this juncture, I must "accept[] all well-pled factual allegations in the complaint as true and view[] them in the light most favorable to the plaintiff to determine whether the statute of limitations has run." *Sunrise Valley,* 528 F.3d at

1254. Based on that standard and on the face of the complaint, it is not clear that Plaintiffs' allegations are untimely.

With regard to the exhaustion argument, Defendants encourage the Court, if the Court does not find that the action was filed untimely, to dismiss and allow Defendants an opportunity to review and take action on the January 2017 continued in-patient care appeal. *See* ECF #19, p. 9, fn 4. As noted above, suit was filed in this action on December 15, 2017-some 11 months after the in-patient care denial was appealed.

As a general rule, courts have uniformly required ERISA participants to exhaust internal claim review procedures before bringing a civil action. *See Heimeshoff,* 134 S.Ct. at 610. Failure to exhaust is generally excused only in two limited circumstances: (1) when exhaustion would be futile; or (2) when the remedy provided would be inadequate. *See McGraw v. Prudential Ins. Co. of Am.,* 137 F.3d 1253, 1263 (10th Cir. 1998). A third regulatory exception is when there has been a failure to "follow claims procedures . . .a claimant **shall** be deemed to have exhausted the administrative remedies . . ." 29 C.F.R. §2560.503-1(l)(1) (**emphasis mine**). Pursuant to section (i)(1) of that same regulation, the plan administrator must provide notification within sixty (60) days or provide notification of the need for any additional sixty (60) days period (with 120 days being the ultimate cap). 29 C.F.R. §2560.503-1(i)(1). Civil action was filed three hundred thirty seven (337) days after the January 12, 2017 appeal, well in excess of the one hundred twenty (120) day limitation for notification of a benefit determination on review. Based on the passage of time and the mandatory language if section (l)(1), I deem that Plaintiffs have exhausted their administrative remedies and this action should not be dismissed for that purpose. I further find that any attempt to exhaust would be futile at this

juncture and would provide an inadequate remedy to Plaintiffs who, from the denial of their initial claim in July, 2016, have waited in excess of two (2) years.

On that basis, I respectfully recommend that the motion to dismiss as to the continued in-patient care portion of this action be denied.

Craig Hospital as a Plaintiff-Derivative Standing

Defendant moves to dismiss as to Craig Hospital on the basis that Craig Hospital is neither a "participant" nor a "beneficiary" pursuant to 29 U.S.C. §1132(a)(1)(B) and thus cannot assert a claim for relief (ECF #19, p. 2). Only a "participant or beneficiary" may bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1); *see also Chastain v. AT & T,* 558 F.3d 1177, 1181 (10th Cir.2009). The burden of proof is on the plaintiff to establish that he or she is a participant or beneficiary. *See Mitchell v. Mobil Oil Corp.,* 896 F.2d 463, 474 (10th Cir.1990). "[H]ealthcare providers ... generally are not considered beneficiaries or participants under ERISA and thus lack standing to sue" unless they have "a written assignment of claims from a patient with standing to sue under ERISA." *Borrero v. United Healthcare of N.Y., Inc.,* 610 F.3d 1296, 1301–02 (11th Cir.2010) (quotations omitted).

However, a health care provider may acquire standing to sue by obtaining assignments of participants' or beneficiaries' rights to receive payments. *See Borrerro,* 610 F.3d at 1301–2 ("a healthcare provider may acquire derivative standing under ERISA by obtaining written assignment from a participant or beneficiary of his right to payment of medical benefits."). *See also Montefiore Medical Center v. Teamsters Local 272,* 642 F.3d 321, 329 (2d Cir.2011). *See*

*also Memorial Health System v. Aetna Health, Inc.*, 730 F.Supp. 2d 1289, 1295 (determining that a health care provider can obtain derivative standing if seeking a claim for benefits under the plan).

Plaintiffs' complaint (ECF #1) does not include any facts to support assignment of Plaintiff Bland's benefits to Plaintiff Craig Hospital and does not allege that assignment occurred. Plaintiffs admit as much in their response to the motion to dismiss arguing "[w]hile it is true that Plaintiffs did not plead Brandin assigned his benefits to Craig (which can easily be alleged by amendment (per Plaintiffs' assertion-not the Court's)), the assignment of benefits to an in-network provider is automatic under the express terms of the Plan." Response (ECF #47, p. 19). Plaintiffs go on to argue that while no District Court in this Circuit nor the Tenth Circuit Court of Appeals itself has issued a ruling on-point, the Third Circuit in *N. Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d 369, 373 (3rd Cir. 2015) found that explicit assignment of benefits to a health care provider without direct reference to a right to sue was sufficient to afford derivative standing. While that is a correct reading of *N. Jersey Brain*, it fails to take into account the applicability of any anti-assignment provision.

The Tenth Circuit Court of Appeals addressed the issue of ERISA and the assignability of insurance benefits in *St. Francis Regional Medical Center v. Blue Cross and Blue Shield of Kansas, Inc.*, 49 F.3d 1460, 1464 (1995) ("We interpret ERISA as leaving the assignability of benefits to the free negotiations and agreement of the contracting parties (citations removed)). More recently, the Third Circuit in *American Orthopedic &Sports Medicine v. Independence Blue Cross Blue Shield*, 890 F.3d 445 (3rd Cir. 2018) addressed the issue of anti-assignment clauses in ERISA contracts, stating: "[i]n thoughtful and reasoned decisions, every Circuit to have considered the arguments presented by Appellant has rejected them, ultimately concluding

that nothing in ERISA forecloses plan administrators from freely negotiating anti-assignment clauses, among other terms. *American Orthopedic*, 890 F.3d at 453 (internal citations removed) (collecting cases).

> The Plan states, in pertinent part:
>
> 4.2 (C) No Assignment
> A direction to pay benefits is not an assignment of any right a covered person may have under this Plan or under federal law.
>
> 4.6 Assignment
> (A) In General
> A covered person may not voluntarily or involuntarily assign, transfer or alienate benefits payable under this Plan for covered medical expenses except to the extent specifically permitted by this Plan or where such assignment is for Medicaid reimbursement as required by federal law.
>
> (B) Payments to Network Providers
> A covered person using a network provider or a mental health provider in the mental health network for those covered medical expenses subject to a co-payment automatically assigns any amounts payable under the Plan to the network provider or mental health provider. This assignment of amounts payable is not an assignment of any right a covered person may have under this Plan.

The Plan, sections 4.2 & 4.6 (ECF #19-6, pp. 12-13).

> ERISA defines participant and beneficiary as follows:
>
> (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.
>
> (8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. §1002(7) & (8).

In this action, Plaintiffs have not met their burden under *Mitchell* of establishing that Craig Hospital is either a participant or beneficiary. *See Mitchell,* 896 F.2d at 474. Plaintiff

asserts that the automatic assignment of benefits is essentially self-evident proof, *see* response (ECF #47); *see also Borrero,* 610 F.3d at 1301–02 (holding that a health care provider may acquire standing to sue by obtaining assignments of participants' or beneficiaries' rights to receive payments). Nevertheless, contracting parties may delineate the bounds of assignment under ERISA. *See St. Francis*, 49 F.3d at 1464. Here, the parties contracted away such possible assignment in sections 4.2 and 4.6 of the Plan, clearly stating that "assignment of amounts payable is not an assignment of any right a covered person may have under this Plan." The Plan, section 4.6 (ECF #19-6, p. 13). The Plan's anti-assignment provision precludes Craig Hospital from asserting derivative standing for rights as an assignee of Plaintiff Bland. On that basis, I respectfully recommend that the motion to dismiss as to Craig Hospital be granted.

It is therefore respectfully recommended that the motion to dismiss as to the Quality Living Appeal portion of this action be GRANTED;

It is further respectfully recommended that the motion to dismiss as to the continued in-patient care portion of this action be DENIED.

It is further respectfully recommended that the motion to dismiss as to Craig Hospital be GRANTED.

Dated at Grand Junction, Colorado, this August 6, 2018.

_____

Gordon P. Gallagher

United States Magistrate Judge